IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARGAE, INC.,<br><br>                Plaintiff,<br><br>vs.<br><br>CLEAR LINK TECHNOLOGIES, LLC, et al.,<br><br>                Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br>Case No. 2:07-CV-916 CW |

Clear Link Technologies, LLC ("Clear Link"), James Clarke, Alan S. Earl, Phil Hansen, Bruce Westenskow and Ben Henderson (together, the "Defendants") have moved to dismiss the civil conspiracy claim made against them by Plaintiff Margae, Inc. ("Margae").[1] Defendants contend that Margae's conspiracy claim is barred by the intracorporate immunity doctrine. Margae responds that an exception to that doctrine saves its claim. For the reasons discussed below, the court agrees with Margae and holds that Margae has alleged a sufficient factual basis at this stage of the proceeding to support its conspiracy claim. Accordingly, Defendants' motion is DENIED.

### BACKGROUND

In this case, Margae alleges that it entered into contracts with Clear Link under which

---

[1] While Defendants' motion to dismiss applied to Margae's original complaint when it was filed, the parties stipulated that it would also apply to the Amended Complaint.

Margae would provide internet marketing and search engine optimization services to Clear Link. In return for these services, Margae contends, Clear Link was to pay Margae commissions on sales attributable to Margae's efforts. Margae asserts that Mr. Clarke, Mr. Earl, Mr. Hansen, Mr. Westenskow and Mr. Henderson (together, the "Individual Defendants") are all principals and owners of Clear Link.

According to Margae, the service contracts were performed by both parties for several months. Margae alleges, however, that at some point Clear Link and the Individual Defendants continued to benefit from Margae's work, but stopped paying Margae commissions. Specifically, "Clear Link and the individual defendants agreed and acted together to improperly divert credit for the sales generated by Margae's work and/or affilate sites. . . benefitting themselves personally." (Am. Compl. ¶ 37.) Margae further maintains that the Individual Defendants benefitted not only as owners and principals of Clear Link, but they also diverted commissions earned by Margae "directly to themselves, over and above and contrary to any benefit to Clear Link." (Id. ¶ 103.)

Clear Link argues that the Amended Complaint merely alleges an agreement between a corporation and its agents and no more. Such an agreement cannot form the basis of a conspiracy claim, since a corporation can only act through its agents. Margae responds that it has alleged that the Individual Defendants obtained a benefit for themselves that is wholly separate from any benefit to Clear Link. Those facts, if properly alleged, would support a claim of civil conspiracy.

## ANALYSIS

I. **Motion to Dismiss Standards**

When evaluating a motion to dismiss for failure to state a claim upon which relief may be

granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court presumes the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations. Tal v. Hogan, 453 F.3d 1244, 1252 (2006), cert. denied, 127 S. Ct. 1334 (2007); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). Conclusory allegations are allegations that "do not allege the factual basis" for the claim. Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). See also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). The court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Further, though all reasonable inferences must be drawn in the non-moving party's favor, Tal, 453 F.3d at 1252, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1969, quoted in Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

**II.     Margae's Civil Conspiracy Claim**

Defendants argue that Margae has done no more than assert that Clear Link had an agreement with the Individual Defendants, in their capacity as Clear Link's agents, to engage in wrongful activity. Both sides agree that under the intracoporate immunity doctrine, such allegations alone cannot form the basis of a claim for civil conspiracy. See, e.g., ePlus Tech., Inc. v.Aboud, 313 F.3d 166, 179 (4th Cir. 2002) ("[A]cts of corporate agents are acts of the corporation itself, and corporate employees cannot conspire with each other or with the

corporation.")[2]

Margae asserts, however, that the independent personal stake exception to the immunity rule applies here. Under this exception, a claim for conspiracy involving a corporation and its agents can survive if the plaintiff alleges that the agents had a "financial stake in the outcome of the alleged conspiracy" that was "separate from and independent of the [agents'] financial state in the corporation." Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 550 (E.D.N.C. 2005). Margae points to Paragraph 103 of its Amended Complaint as meeting this exception. Clear Link responds that Paragraph 103 is merely a conclusion of law that should be disregarded.

While this is a close case, the court agrees with Margae. Specifically, Margae contends that the Individual Defendants steered Margae's commissions "directly to themselves," and that doing so was "contrary to any benefit to Clear Link." (Am. Compl. ¶ 103.)[3] While this fact is set forth in a single sentence in the Amended Complaint and there are no specifics about it alleged elsewhere, it is sufficient to invoke the independent personal stake exception. That is, if the court accepts this as an allegation of fact, which on a motion to dismiss must be deemed to be

---

[2] The parties assert that North Carolina law or Utah law may apply this question. But because they agree that the intracoporate immunity doctrine and its exceptions would apply under either state's law, they have not fully addressed which one should apply. The court agrees that the laws of North Carolina and Utah are not different on this issue. Though Utah courts have not expressly adopted the doctrine, the doctrine is uncontroversial and the court would expect the Utah Supreme Court accept it. North Carolina has adopted the doctrine. See, e.g., Cooper v. Ridgeway Brands Mfg., LLC, 646 S.E.2d 790, 799 (N.C. App. 2007).

[3] Margae conceded at the hearing on this motion that it is not presently aware of any specific facts to support this theory and pled Paragraph 103 on "information and belief." Margae failed to plead the facts it was relying upon to support its claimed "information and belief." Defendants assert that Margae will not be able to prove that the Individual Defendants had any independent personal stake in the commissions at issue in this case. While further discovery may confirm this claim and warrant summary judgment against Margae at that stage, Margae's assertions are assumed to be true on a motion to dismiss.

true, it would not have mattered to the Individual Defendants whether Clear Link also made a profit or otherwise benefitted from any wrongful taking of commissions from Margae because those commissions flowed directly to the Individual Defendants.  In short, Margae has alleged a factual basis for finding that the Individual Defendants had a personal stake in the alleged conspiracy and not merely concluded that they had such a stake.

## ORDER

For the reasons set forth above, Defendants' Motion to Dismiss for Failure to State a Claim (Dkt. No. 9) is DENIED.

SO ORDERED this 15th day of December, 2008.

BY THE COURT:

_____
Clark Waddoups
United States District Judge