IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARGAE, INC.,<br><br>              Plaintiff,<br><br>vs.<br><br>CLEAR LINK TECHNOLOGIES, LLC, et al.,<br><br>              Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:07-CV-916 CW |

      Clear Link Technologies, LLC has moved for a judgment on the pleadings on Margae's claims for conversion, unjust enrichment and a violation of the Utah Unfair Competition Act. These claims are set forth in the sixth, seventh and eighth claims for relief in the First Amended Complaint. Clear Link has not moved to dismiss Margae's remaining claims. Because the court has extensively discussed most of the relevant facts in this case in previous orders, only the key facts will be discussed below.

**ANALYSIS**

**I.    Judgment on the Pleadings Standards**

      A motion for judgment on the pleadings is analyzed as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). When evaluating such a motion, the court presumes the truth of all well-pleaded facts in the complaint, but need not consider

conclusory allegations.  Tal v. Hogan, 453 F.3d 1244, 1252 (10th Cir. 2006), cert. denied, 127 S. Ct. 1334 (2007); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  Conclusory allegations are allegations that "do not allege the factual basis" for the claim.  Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995).  See also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").  The court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  Further, though all reasonable inferences must be drawn in the non-moving party's favor, Tal, 453 F.3d at 1252, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."  Twombly, 127 S. Ct. at 1969, quoted in Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

## II.     Are the Claims at Issue Preempted by the Utah Trade Secrets Act?

First, Clear Link argues that Margae's conversion, unjust enrichment, and unfair competition claims are preempted by the Utah Trade Secrets Act ("UTSA").[1]  Margae does not dispute that the UTSA would preempt these causes of action if the court found that the subject matter of these claims was entitled to trade secret protection.  But Margae contends that by dismissing its claim for trade secret misappropriation, it has preserved its claims from preemption.  Margae is incorrect.

---

[1] Clear Link also argued in its reply brief that these claims are preempted by the federal copyright act.  While the court sees potential merit in this argument, it will not address it in this Order because it was made in reply.

Under any reasonable reading of the amended complaint, there is no question that Margae has plead that the subject matter of this litigation was trade secret information. Specifically, Margae defines the term "Margae's work" to mean Margae's "own constellation of confidential and proprietary web sites, web pages, systems, materials, information and techniques." (Amended Compl. ¶12.) In turn, Margae alleges in Paragraph 12 that "Margae's work" "collectively consitute[s] Margae's trade secrets. Margae makes reasonable efforts to keep its trade secrets proprietary and confidential." (Id.) Further, it is clear that "Margae's work" is the subject matter Margae's unfair competition, conversion and unjust enrichment claims. (See Amended Compl. ¶¶ 84, 90 & 95 (each referring to "Margae's work" as the subject matter of the claim).) Accordingly, the amended complaint unmistakably alleges that the subjects of each claim are trade secrets.

Interestingly, given the posture of this case, the reading most favorable to Margae would be to ignore Margae's allegation that "Margae's work" is comprised of trade secrets. But the court will not do so. Nor does the court believe that simply dismissing the UTSA claim is enough to avoid preemption. While the claim itself is now gone, the amended complaint clearly alleges the factual predicate required to find that "Margae's work" is trade secret information. As currently plead, then, Margae's sixth, seven and eighth claims are all preempted by the UTSA. However, the court will allow Margae an opportunity to amend its complaint, now that Margae has dropped its trade secret claim.[2]

---

[2] Clear Link argues that Margae has made a judicial admission that Margae considers each item in the definition of "Margae's work" to be a trade secret, making amendment futile. While this argument may have merit, the court will reserve judgment on it until Margae files an amended complaint (if any) and Clear Link responds.

**III.     Merits of the Claims**

In addition to preemption, Clear Link asserts alternative grounds for dismissal of Margae's unfair competition and conversion claims.  While these grounds are mooted as a practical matter because the court has granted leave to amend, the court will nonetheless discuss these grounds to give the parties guidance in future filings.

**A.     Unfair Competition**

Margae brings its unfair competition claim under the Utah Unfair Competition Act ("UUCA").  The type of "unfair competition" alleged by Margae is "cyber terrorism" "Cyber terrorism" is defined, in part, as "willfully communicating, delivering, or causing the transmission of a program, code, or command without authorization or exceeding authorized access" which "leads to a material diminution in value of intellectual property."  Utah Code Ann. § 13-5a-102(2)(c) & 102(4).  Margae contends in its amended complaint that Clear Link's unauthorized use of its web pages lead to the diminution of those web pages' value because Margae was deprived of the commissions it was owed from their use.  Clear Link responds that this allegation does not state a claim for "cyber terrorism" because the "program, code or command" sent by a defendant must be different than the target "intellectual property."

The court agrees with Clear Link.  The UUCA clearly requires that the transmitted "program, code or command" must be different from the damaged "intellectual property."  That is, by using the term "cyber terrorism," the legislature signaled that it meant to cover only a situation where the "program, code or command" was the tool for an attack and the "intellectual property" was the target of an attack.  Had the legislature wanted to define "cyber terrorism" as the unauthorized use of intellectual property, it could have easily done so.  When, as here, the

plain meaning of the statute is unambiguous, the court need not consider other sources in construing the statute.  See Otter Creek Reservoir Co. v. New Escalante Irrigation Co., 203 P.3d 1015, 1018 (Utah 2009).

Accordingly, as it is currently plead, Margae's UUCA claim should be dismissed.  It is worth nothing that Margae has argued that Clear Link's actions meet the definition of "cyber terrorism" because Clear Link's unauthorized use of Margae's Clear Link-related web pages damages the value of Margae's non-Clear Link web pages and web sites.  The court will not consider this argument, because it is not tied to any express allegation that Margae made in its complaint.  Further, this argument cannot be inferred from reading the amended complaint in Margae's favor.  As noted above, however, Margae may amend its complaint to make this factual allegation clear and Clear Link is free to challenge whether such an allegation meets the definition of "cyber terrorism."

**B.      Conversion**

Clear Link argues that Margae's conversion claim fails because "Margae's work" is intangible property and such property cannot be the subject of a Utah law conversion claim.  Margae responds that Utah law would allow a claim for conversion of intangible property, and that in any event, web pages are tangible property.  Neither party cites any directly on-point Utah authority and these questions have not been answered by Utah courts.  Accordingly, the question becomes how the Utah Supreme Court would resolve these issues.  See Hartford Acc. & Indem. Co. v. U.S. Fidelity and Guar. Co., 962 F.2d 1484, 1487 (10th Cir.1992) ("In such a case of first impression, our responsibility is to give the clause the interpretation we believe the Utah court would.").

First, the court is convinced that Utah would not allow a conversion claim for intangible intellectual property. An expansion of conversion liability to cover intangible property does not appear likely in a state that follows the Restatement (Second) of Torts for guidance. See, e.g., Jones v. Salt Lake City Corp., 78 P.3d 988, 992 (Utah 2003) (citing to Restatement (Second) of Torts). That is because the Restatement generally limits conversion actions involving intangible property to intangible property that is "customarily merged in a document." Restatement (Second) of Torts § 242(2). Margae's citation to Kremen v. Cohen, 337 F.3d 1024, 1026-36 (9th Cir. 2003) to argue otherwise is not persuasive because that court supported its decision on California law with various California cases. Utah case law does not appear to have followed a similar path to California on this question. Thus, to the extent that Margae alleges conversion of intangible property, such as techniques and information, its claims fail.

Margae centers its argument on this point to a contention that its web pages are subject to a conversion claim under Utah law. If the web pages were intangible, as Clear Link argues, they would not meet requirements of the merger doctrine, and thus not be capable of being converted. That is, while web pages are capable of being merged into a document, it is not customary to do so. Nor is there anything meaningful about printing out a web page as compared to a situation where creating a tangible document is significant, such as in the case of a stock certificate or a promissory note. See Restatement (Second) Torts § 242, cmt. b. Accordingly, if web pages were intangible, they would not be subject to a conversion action under Utah law.

But contrary to Clear Link's assertion that web pages are intangible, the court believes that Utah would consider web pages as a type of tangible property. One Utah case, while not directly on point, supports this conclusion. In South Central Utah Telephone Assoc., Inc. v.

Auditing Div. of the Utah State Tax Comm'n, 951 P.2d 218, 223-24 (Utah 1997), the Utah Supreme Court held that software is "tangible personal property" for tax purposes, even after it has been installed on the computer. The court reasoned that:

> Software is information recorded in a physical form which has a physical existence, takes up space on the tape, disc, or hard drive, makes physical things happen, and can be perceived by the senses. The purchaser of computer software neither desires nor receives mere knowledge but an arrangement of matter that will direct a computer to perform a particular function.

(Id.)

Like the "software" discussed in South Central Utah Telephone, a web page has a physical presence on computer drive, causes tangible effects on computers, and can be perceived by the senses. As stated by the federal district court in Astroworks, Inc. v. Astroexhibit, Inc., 257 F. Supp. 2d 609, 618 (S.D.N.Y. 2003), a website is "an idea reduced to practice." Further, web pages can be physically altered by authorized users and access to web pages can be physically restricted by the use of passwords and other security measures. In fact, the "conversion" alleged here is that Clear Link has "locked out" Margae's access to web pages.

Moreover, as a practical matter, the Utah courts' pronouncements to date indicate that Utah's conversion law would be applied to a web page. In Jones, the court defined conversion as "an act of wilful interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession." 78 P.3d at 992 (citation omitted). Here, Clear Link is alleged to have made it physically impossible for Margae to access the web pages at issue, depriving Margae of their use and possession.

By contrast, it would be nonsensical to apply this definition of conversion to something that was truly intangible, such a song. That is because a song, once memorized, can be "stored"

7

in a person's mind.  Once the song is in a person's mind, there is no way that someone else could "deprive" that person's "use and possession" of the song.  Of course, a handwritten original copy of the song or a recorded version of the song could be converted.  But the song itself could not.

Similarly, there is a distinction between the information displayed on the web page, which is intangible, and the web page itself, which acts as the medium for transmitting the information.  The allegation here is that Clear Link took virtual possession of web pages, thereby depriving Margae the right to control the use of the media.  The fact that Clear Link could allegedly take control of the web pages and preclude access to Margae demonstrates that it has the characteristics of tangible property and can be converted.

In sum, the court finds that a web page could be the subject of a conversion claim under Utah law because it is tangible property.

## ORDER

For the reasons set forth above, Clear Link's Motion for Judgment on the Pleadings (Dkt. No. 78) is GRANTED.  Margae is granted 10 days from the entry of this Order to amend its complaint.

SO ORDERED this 4th day of May, 2009.

BY THE COURT:

_____
Clark Waddoups
United States District Judge